## THOMPSON ET AL. *vs.* THE BANK OF THE STATE.

A return in these words: "Executed the 6th ———, A. D. 1840, by reading the within writ of summons to the within named A. B., and by reading the within to the within named C. D. on the 28th day of July, 1840." shows with sufficient certainty, that the writ was executed on A. B., on the 6th of *July*, 1840.

THIS was an action of debt, in which judgment was rendered by default in the Arkansas Circuit Court, in October, 1840, before the Hon. ISAAC BAKER, one of the circuit judges. The question here was, as to the sufficiency of the return on the summons—the judgment being by default.

The question was argued by *Cummins* for plaintiffs in error, and *Hempstead* contra.

*By the Court*, RINGO, C. J. The question in this case is, was the judgment authorized by law? That such judgment is warranted by

law, when there has been legal service of a valid process binding the parties to appear and answer the action fifteen days previous to the commencement of the term of the court in which it is entered there can be no question; and it is equally clear that no such judgment can be legally given where there has been no such service of process. From the record in this case, it appears that the return of the officer endorsed on the original summons issued therein, is as follows, to wit: "Executed the 6th ——, A. D., 1840, by reading the within writ of summons to the within named Davis Thompson, Reason Bowie, and John B. Ford, and by reading the within to the within named Stewart C. Mooney, on the 28th day of July, 1840, all of which was done in the Township of St. Francis, (signed) Miller Irvin, sheriff of Phillips county, within the State of Arkansas." The writ bears date the 17th day of June, 1840, and was returnable on the first Monday in October of the same year. The judgment was taken on the 8th day of October, 1840.

It is insisted that it does not appear from this return, that the process was executed on either of the parties except Mooney, more than fifteen days before the return day of the writ. In the commencement of the return, the statement of the month is omitted; but this, according to our understanding of the whole taken together, can make no difference whatever; because the omission is well supplied by the statement of the month in the subsequent part of the return; and nothing appearing to the contrary, the day mentioned in the first instance must be coupled with the month mentioned subsequently. By considering therefore every part of the return one with the other, it is, in our opinion, at least reasonably certain that the process was executed as to Thompson, Bowie and Ford on the 6th, and on Mooney on the 25th day of July, 1840, and such, if "1840" where it occurs in the first instance, were omitted or disregarded, would be the literal purport of the return: and inasmuch as it defines no time, and can have no legal effect whatever where it is placed, without interpolating the return and supplying the blank before it with some month, which we are not at liberty to do, we think it may well be disregarded. The process does, therefore, in our opinion, appear to have been served on all of the parties named in it, more than thirty days pre-

vious to the commencement of the term of the court, to which it was returnable, and the court did not on that ground err in giving judgment against them by default.

Every other point presented by the record or assignment of errors has been expressly ruled, in other cases, against the plaintiffs in error.

Judgment affirmed